UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADRIANE B. JACKSON, o/b/o J.J., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:17 CV 2588 CDP ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Before the Court is plaintiff Adriane B. Jackson's motion to proceed in forma pauperis in this Social Security action brought on behalf of her minor child, J.J. Jackson purportedly seeks judicial review of a denial of a claim for child's benefits under Title XVI of the Social Security Act. It appears from the record before the Court, based on this case as well as prior cases filed by Jackson, that she has failed to exhaust administrative remedies with respect to the current claim for benefits, thereby depriving this Court of subject-matter jurisdiction over the case. Further, the face of Jackson's complaint shows that the case may be untimely filed. I will therefore order Jackson to demonstrate that she has exhausted administrative remedies relating to J.J.'s claim and, further, to show cause why this case should not be dismissed for failure to timely seek judicial review.

## Background

Plaintiff Jackson, J.J.'s mother, is presently an inmate in the custody of the St. Louis County Justice Center in Clayton, Missouri. She filed a similar action in this Court on behalf of J.J. on May 11, 2016. *See Jackson v. Colvin*, No. 4:16-CV-0672 CDP (E.D. Mo. 2016). The government filed a motion to dismiss for lack of subject-matter jurisdiction in that action based on Jackson's failure to exhaust administrative remedies, but Jackson failed to respond to the motion. That case was dismissed pursuant to Federal Rule of Civil Procedure 41(b) on November 22, 2016, without prejudice.

Jackson filed the present action on October 16, 2017. In the form complaint, Jackson, acting *pro se*, states that she brings this action on behalf of J.J., seeking review of the Commissioner's final decision. She states that she received notice of the Appeals Council decision "2 years ago" and claims that she received the decision of the Administrative Law Judge (ALJ) "one year ago."

## Procedural History of Claim

This Court takes judicial notice of the declaration of Cristina Prelle, Chief of Court Case Preparation and Review Branch, executed on July 12, 2016, and filed on behalf of the Office of Disability Adjudication and Review of the Social Security Administration in Jackson's earlier case. *See Jackson v. Colvin*, No. 4:16-CV-0672 CDP, ECF #14-1 (E.D. Mo. Aug. 2, 2016). The Prelle declaration with

attached exhibits show that J.J. was found disabled beginning December 1, 2003, based on an application for Title XVI benefits. On July 6, 2006, the State Agency sent a Notice of Planned Action stating that it planned to make J.B. Clark, J.J.'s father, the representative payee.

On February 24, 2015, the State Agency sent a Notice of Disability Cessation to J.J. and his father, after finding that J.J. was no longer disabled as of February 2015. J.J.'s father requested reconsideration of the State Agency determination on March 10, 2015.

On May 18, 2015, the State Agency notified J.J. and his father that a hearing was scheduled before a Hearing Officer on June 16, 2015. In his written decision, however, the Hearing Officer noted that the hearing "was not attended." No. 4:16-CV-0672, ECF #14-6. On June 17, 2015, the State Agency sent a Notice of Reconsideration to J.J. and his father informing them that J.J. was no longer eligible for payments and that he had the right to appeal by requesting a hearing before an ALJ within 60 days. Prelle states in her declaration that she examined the claim file and that there was no indication that an appeal was filed.

On May 11, 2016, Adriane Jackson filed in this Court a "Complaint for Judicial Review of Decision of the Commissioner of Social Security" on behalf of J.J. *Jackson v. Colvin,* No. 4:16-CV-0672 CDP (E.D. Mo. 2016). The government moved to dismiss that action, arguing that the claim was unexhausted because

Jackson failed to obtain a final agency decision after hearing, and that therefore this Court lacked subject-matter jurisdiction. Despite having failed to respond to the government's motion to dismiss in that case, Jackson filed this action over a year later. However, there is no indication that Jackson exhausted administrative remedies on J.J.'s claim for benefits prior to filing this case. Even so, it appears from the face of Jackson's complaint that this civil action seeking judicial review may be untimely filed.

## Discussion

42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act. In order to obtain review under 42 U.S.C. § 405(g), a Social Security claimant must: 1) receive a final decision of the Commissioner made after a hearing, 2) bring a civil action within 60 days after the mailing of the notice of such final decision, and 3) file the action in the district court for the district in which she resides or has her principal place of business. 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). The second and third of these requirements specify a statute of limitations and appropriate venue, respectively. The first requirement is central to the grant of subject-matter jurisdiction, empowering district courts to review only those decisions by the Commissioner that are "final" and "made after a hearing." *Weinberger*, 422 U.S. at 764. The Commissioner will have made a "final decision" only after the

claimant completes certain steps of the administrative process, which include a hearing before an ALJ and a request for Appeals Council review of the ALJ's decision. 20 C.F.R. § 416.1400(a).

In this complaint for judicial review, filed October 16, 2017, Jackson claims that she received the decision of the ALJ "one year ago" and received notice of the Appeals Council decision "2 years ago." As of July 12, 2016, however, the Office of Disability Adjudication and Review had no record that an administrative appeal had been taken on J.J.'s claim. With no administrative appeal of record as of July 2016, it is unclear how the Appeals Council could have rendered a decision in or around October 2015, that is, two years prior to the commencement of this civil action, as claimed by Jackson. To the extent Jackson states that she received the decision of the ALJ one year ago, she makes no statement regarding any subsequent request for Appeals Council review of the decision, which is required to exhaust the administrative process. I therefore question whether there was a final agency decision made after a hearing as required for this Court to have subject-matter jurisdiction over Jackson's claim. Moreover, whether Jackson received notice from the ALJ one year ago or from the Appeals Council two years ago, there is no question that over 60 days have passed since her receipt of such notice.

Therefore, on the record now before the Court, including that in Case No.

4:16-CV-0672 CDP, I cannot find that this Court has subject-matter jurisdiction over this civil action because a question remains as to whether the Commissioner issued a final decision after a hearing on J.J.'s claim for benefits. Subject-matter jurisdiction cannot be waived; and the burden is on Jackson, as the party invoking federal court jurisdiction, to establish subject-matter jurisdiction. Nor can I find that this action was timely filed, given Jackson's statement that she received the most recent notice of any agency action one year prior to filing this case.

Accordingly, I will give Jackson thirty (30) days to demonstrate, in a written response, that she has properly exhausted the administrative process relating to J.J.'s claim for benefits, as required by 42 U.S.C. § 405(g), for this Court to have subject-matter jurisdiction over this civil action. I will further order Jackson to show cause, in writing and within thirty (30) days, why this action should not be dismissed for failure to timely file the action in accordance with 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff Adriane B. Jackson, who brings this action on behalf of her minor child, J.J., shall file a written response to this Order demonstrating that she has properly exhausted the administrative process on J.J.'s claim in compliance with 42 U.S.C. § 405(g) prior to bringing this civil action in

4:16-CV-0672 CDP, I cannot find that this Court has subject-matter jurisdiction over this civil action because a question remains as to whether the Commissioner issued a final decision after a hearing on J.J.'s claim for benefits. Subject-matter jurisdiction cannot be waived; and the burden is on Jackson, as the party invoking federal court jurisdiction, to establish subject-matter jurisdiction. Nor can I find that this action was timely filed, given Jackson's statement that she received the most recent notice of any agency action one year prior to filing this case.

Accordingly, I will give Jackson thirty (30) days to demonstrate, in a written response, that she has properly exhausted the administrative process relating to J.J.'s claim for benefits, as required by 42 U.S.C. § 405(g), for this Court to have subject-matter jurisdiction over this civil action. I will further order Jackson to show cause, in writing and within thirty (30) days, why this action should not be dismissed for failure to timely file the action in accordance with 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff Adriane B. Jackson, who brings this action on behalf of her minor child, J.J., shall file a written response to this Order demonstrating that she has properly exhausted the administrative process on J.J.'s claim in compliance with 42 U.S.C. § 405(g) prior to bringing this civil action in

this Court. To accomplish this, Jackson must outline the steps taken before the Social Security Administration on J.J.'s claim, including: 1) whether and when a hearing was held before an ALJ, 2) the date she received the ALJ's decision, 3) whether and when she requested Appeals Council review of the ALJ's decision, and 4) the date she received the Appeals Council's decision.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff Adriane B. Jackson shall also show cause, in writing, why this case should not be dismissed for failure to timely file the action in accordance with 42 U.S.C. § 405(g).

Failure to timely comply with this Order may result in the dismissal of this action without prejudice.

Dated this 16th day of November, 2017.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE