UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIANE B. JACKSON, <br> O/B/O J.J., | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | No. 4:17-CV-2588 CDP |
| NANCY A. BERRYHILL, Acting <br> Commissioner of Social Security, | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Jackson's response to the order to show cause.[1] Having carefully reviewed Jackson's response, the Court concludes that her arguments are without merit. Jackson has failed to exhaust her administrative remedies and therefore this Court lacks jurisdiction over this Social Security appeal. The case will be dismissed. *See* Fed.R.Civ.P.12(h)(3).

**Background**

Plaintiff Jackson, J.J.'s mother, is presently an inmate in the custody of the St. Louis County Justice Center in Clayton, Missouri. On October 16, 2017, in a form complaint and acting pro se, Jackson alleged that she was filing a social security action for benefits on behalf of J.J., seeking review of the Commissioner's final decision. She asserted that she had received notice of the Appeals Council decision "2 years ago" and claims that she received the decision of the Administrative Law Judge (ALJ) "one year ago."

---

[1] On November 16, 2017, the Court ordered Jackson to show cause as to why the Court should not dismiss the instant claim for benefits, pursuant to Title XVI of the Social Security Act, on behalf of her minor child, J.J.

Jackson had filed a similar action in this Court on behalf of J.J. on May 11, 2016. *See Jackson v. Colvin*, No. 4:16-CV-0672 CDP (E.D. Mo. 2016). The government filed a motion to dismiss for lack of subject-matter jurisdiction in that action based on Jackson's failure to exhaust administrative remedies, but Jackson failed to respond to the motion. That case was dismissed pursuant to Federal Rule of Civil Procedure 41(b) on November 22, 2016, without prejudice.

In light of the aforementioned, the Court ordered Jackson to show cause why the present action should not be dismissed for failure to exhaust administrative remedies prior to bringing J.J.'s claims to this Court.[2]

**Discussion**

42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act. In order to obtain review under 42 U.S.C. § 405(g), a Social Security claimant must: 1) receive a final decision of the Commissioner made after a hearing, 2) bring a civil action within 60 days after the mailing of the notice of such final decision, and 3) file the action in the district court for the district in which she resides or has her principal place of business. 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). The second

---

[2] In ordering Jackson to show cause why the action should not be dismissed, the Court took judicial notice of the declaration of Cristina Prelle, Chief of Court Case Preparation and Review Branch, executed on July 12, 2016, and filed on behalf of the Office of Disability Adjudication and Review of the Social Security Administration in Jackson's earlier case. *See Jackson v. Colvin*, No. 4:16-CV-0672 CDP, ECF #14 (E.D. Mo. Aug. 2, 2016). The Prelle declaration showed that J.J. was found disabled beginning December 1, 2003, based on an application for Title XVI benefits, but found no longer disabled as of February 2015. JJ's father was designated as his representative payee.

JJ's father requested reconsideration of the State Agency determination on March 10, 2015. On May 18, 2015, the State Agency notified plaintiff that a hearing was scheduled before a Hearing Officer on June 16, 2016. The Hearing Officer's decision indicates that plaintiff did not attend the scheduled hearing. On June 17, 2015, the State Agency sent plaintiff and his father a Notice of Reconsideration informing them that plaintiff was no longer eligible for payments and that he had the right to request a hearing before an ALJ within 60 days. There is no record that anyone requested a hearing before an ALJ on JJ's behalf. *Id.*

and third of these requirements specify a statute of limitations and appropriate venue, respectively. The first requirement is central to the grant of subject-matter jurisdiction, empowering district courts to review only those decisions by the Commissioner that are "final" and "made after a hearing." *Weinberger*, 422 U.S. at 764. The Commissioner will have made a "final decision" only after the claimant completes certain steps of the administrative process, which include a hearing before an ALJ and a request for Appeals Council review of the ALJ's decision. 20 C.F.R. § 416.1400(a).

In this complaint for judicial review, filed October 16, 2017, Jackson claims that she received the decision of the ALJ "one year ago" and received notice of the Appeals Council decision "2 years ago." In the response to the Order to Show Cause, Jackson states:

> I notified about 2 week ago for child's claim J.J. for not dismissing the case. I'm not sure if you notified me back. I wrote 2 case numbers followed while reviewing the facts of an untimely manner. Anyways I probably wrote the first number from one year ago so please allow that letter which I think you did respond. Don't have any of mail from a week ago.

In her response, Jackson has not articulated when she claims to have received notice of an administrative appeal record. Nor has Jackson provided information that she made a subsequent request for Appeals Council review, which is required for this Court to have subject matter jurisdiction over Jackson's claim.

It is clear that as of July 12, 2016, the Office of Disability Adjudication and Review had no record that an administrative appeal had been taken on J.J.'s claim. And, as noted in the Court's November 16, 2017 Memorandum and Order, with no administrative appeal of record as of July 2016, it is unclear how the Appeals Council could have rendered a decision in or around October 2015, that is, two years before the commencement of this civil action, as claimed by Jackson. Moreover, whether Jackson received notice from the ALJ one year ago or from the

Appeals Council two years ago, there is no question that over 60 days have passed since her alleged receipt of such notice.

Therefore, on the record now before the Court, including that in Case No. 4:16-CV-0672 CDP, I find that this Court does not have subject-matter jurisdiction over this civil action because Jackson has not properly alleged and shown that J.J.'s administrative remedies were properly exhausted and that the Commissioner issued a final decision after a hearing on J.J.'s claim for benefits.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

Dated this 7th day of February, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE